Per Curiam.

No formal, written license was given to the defendants, but that is not material; for there was a vote of the city that the license to the theatre should be renewed, on the proprietors giving bond and paying $ 1000 a year, and the defendants have proceeded as under a license.
It is clear, that in granting the license, the mayor and aider-men are mere agents of the city, and the action is well brought in the name of the principal.
It is objected, that the statute of 1821, c. 110, gives no *426 power to the city to exact money for the license. The authority to the mayor and aldermen is, to license “ on such terms and conditions as to them may seem just and reasonable.” Though the exacting of money is not expressly mentioned, it is not excluded by these general words, and was doubtless in the contemplation of the legislature; for in St. 1825, e. 152, § 1, by which the selectmen of each town are empowered to license theatrical exhibitions, the same language is used, and in § 3 it is provided, that “ all monies which shall be received for such licenses (if any) shall be appropriated,” &c. This is a legislative construction of the first statute.[1]
Another objection is, that it is not competent to the legislature to grant to a town or city, power to assess a tax which is not general. If this were a tax, the objection would be valid ; but the price to be paid for the license is of the nature of an excise on a particular employment. The levying of an excise has been practised in regard to other occupations, and the constitutionality of it has never been doubted. There can, therefore, be no objection to it in the present case, admitting theatrical entertainments to be as meritorious as other occupations. But it seems to be peculiarly proper in employments of this kind. They require to be watched. Towns are put to expense in preserving order, and it is proper they should be indemnified for inconveniences or injuries occasioned by employments of this nature.
The proposition to pay twenty-five dollars weekly, during the time that exhibitions should be made, was not acceded to by the city. Receiving payment by instalments was a mere indulgence to the defendants, and not a variance of the contract.

Judgment according to verdict.

 See Revised Stat. c. 58, § 1.